JOHN H. BLOOD vs. NORMAN L. MILLARD.

Berkshire.    September 13, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Deed — Easement — Equity.*

A deed of land in fee conveyed also "the right to a trench or ditch, and to lay pipes therein" from the granted premises to a certain spring on other land of the grantor, "and the right to take the water of said spring through said trench and pipes on to said granted premises, leaving at all times a sufficient and convenient watering place of fresh water for cattle and other stock near the head of the spring, . . . meaning hereby to convey all the right which I have to the water at and near the head of said spring, except the aforementioned watering place, which is reserved." *Held*, that the deed created an easement in fee for the benefit of and appurtenant to the land conveyed.

Upon the subdivision into building lots of land conveyed by a deed which created also an easement in fee for the benefit of and appurtenant to the land, consisting of the right to take the water of a spring, each lot has an interest in the easement, and neither mere non-user nor the use upon the land of water from the city water supply will extinguish the easement.

If a deed of land creates also an easement in fee for the benefit of and appurtenant to the land, consisting of the right to take the water of a spring, a deed, made after the land had been subdivided into building lots by an owner of a part of the land, of the right to take the water of the spring cannot extinguish the easement, nor give to his grantee a right as to an easement in gross; nor can the words "leaving at all times a sufficient and convenient watering place of fresh water for cattle and other stock," in the original deed, whether a reservation for the grantor's life or an exception, avail such grantee, who cannot maintain a bill in equity to restrain a grantee of the land on which the spring is located from interference with the same.

BILL IN EQUITY, filed April 27, 1897, in the Superior Court, to restrain the defendant from using water of a certain spring situated on his land, and called Oak-tree Spring, and from interfering in any way with the plaintiff's rights in the spring. On November 2, 1897, the plaintiff filed by leave of court a supplemental bill, setting up additional rights which he claimed to have acquired to take and use the water of the spring.

Hearing before *Sheldon*, J., who reported the case for the determination of this court, in substance as follows. Prior to September 15, 1857, David Richmond, under whom both parties claimed, was the owner of two large tracts of land, one of about a hundred acres on the easterly side, and the other of about

fifteen acres on the westerly side of Church Street in North Adams. Upon the first tract, and about one fourth of a mile from the other tract, was the spring of water in question. In September, 1857, Richmond conveyed in fee to Edward P. Hunt the second or westerly tract, by a deed containing the following clause: " Also conveying the right to a trench or ditch, and to lay pipes therein, from the aforegranted premises to the Oak-tree Spring (so called) in said Richmond's pasture, and the right to take the water of said spring through said trench and pipes on to said granted premises, leaving at all times a sufficient and convenient watering place of fresh water for cattle and other stock near the head of the spring. Also the right to go upon said Richmond's land, in a prudent and careful manner, to construct and repair said pipes and ditch when necessary, and to do in the same manner such other things as necessarily appertain to the occupancy of said rights and privileges; meaning hereby to convey all the right which I have to the water at and near the head of said spring, except the aforementioned watering place, which is reserved, and all the right which I have to take the same across the public highway; the ditches to be all filled except in the wet land, where they may be left open to concentrate the water. After said pipes are once located and laid, their location shall be and remain permanent."

This land and the rights to the water passed by several mesne conveyances, under the same description, to William S. Blackington, who, by deed dated March 22, 1875, conveyed the same, under the same description, to Franklin R. Blackington. The latter had the land plotted into building lots and placed on the market about 1887, and shortly after some lots were sold and houses built, and these houses were supplied with water by the city of North Adams.

On June 19, 1889, Franklin R. Blackington made a deed to John L. Scott, under whom the plaintiff claims the right to the water of the spring. The description in that deed is as follows: " The right to take and carry away the water of a certain spring, known as the Oak-tree Spring, situated on a certain parcel of land " (being the land now owned by the defendant) " with the right to enter upon said premises for the purpose of taking said water; and also all the privileges pertaining to said spring and

water therein conveyed to me," which were the same privileges mentioned in the deed of Richmond to Hunt.

No land was conveyed by this deed, and neither Scott nor the plaintiff ever owned any part of the tract of fifteen acres conveyed by Richmond to Hunt and afterwards owned by Blackington; but Scott was then the owner of certain land, being a part of the easterly or larger tract formerly owned by Richmond; and this is the same land now owned by the plaintiff, having been conveyed to him by the heirs of Scott on or about April 1, 1893, together with the rights to the spring obtained by the deed from Blackington to Scott. This land had appurtenant to it no right to the water of the spring.

On May 9, 1866, Richmond conveyed to Jerome B. Jackson and another by warranty deed all the land on the east side of Church Street, being Richmond's larger tract above mentioned; and immediately following the description of the land was the clause, ".excepting out of the above bounded premises the Oak-tree Spring and privileges therewith conveyed by said Richmond to Edward P Hunt."

On November 1, 1866, Jackson conveyed to William Martin the same premises by warranty deed containing the following clauses: " being the same premises as conveyed to us by David Richmond and wife by deed dated March 9th, 1866. Excepting and reserving the same rights and privileges as therein mentioned, reference being had to said deed for the same."

On February 1, 1869, Martin conveyed this land by warranty deed to Eli T. Clark, without any mention of any right in the spring, or any rights connected therewith, belonging to other persons.

On November 6, 1872, Clark and Frank Davis, who had become a joint owner, conveyed in fee to Martin by quitclaim deed the following: " all our right, title, and interest in and unto a spring called the Oak-tree Spring, located about twelve rods north of Bradley Street, and about one rod west of land owned by Edwin Thayer; it is the same spring conveyed by said Martin to F. F. Colgrove, and we the said grantors remise, release, and quitclaim unto said grantee the right to lay pipes to said spring across our lands to Church Street and Bradley Street, and also the right to build a suitable reservoir for the

purpose of taking said water, and locate the same on our land." The plaintiff, by deed of the heirs of Martin, now deceased, dated October 28, 1897, purchased the same premises conveyed and described in the deed of Clark and Davis to Martin, and obtained thereby all the rights conveyed to Martin by Clark and Davis, which are the newly acquired rights mentioned in the plaintiff's supplemental bill.

On January 15, 1874, Clark sold and conveyed to Sylvester A. Kemp the land on which the spring was situated, containing some eighteen acres, and being the land now owned by the defendant. In this deed are these words : " Excepting and reserving out of the above conveyance all the rights heretofore conveyed by myself and Frank Davis to William Martin, his heirs and assigns, to lay aqueduct and to take water from a certain spring on said land ; for a particular description of which rights, reference may be had to the deed of myself and said Davis to said Martin. Also excepting and reserving out of the above conveyance all the rights in and to the said spring, laying aqueduct, and taking water therefrom, which were conveyed by deed of said William Martin to William S. Blackington, his heirs and assigns, for a more particular description of which rights reference may be had to the deed of said Martin to said Blackington." On August 21, 1896, Kemp conveyed to the defendant the same land by warranty deed, which contained the following : " The said premises are free from all encumbrances, except a right which the heirs of William Blackington have to take water from a spring on said premises, and a like possible right in the heirs of William Martin."

It was proved at the trial that there was no water for domestic use on the lands conveyed to Hunt when conveyed to him ; that the water of the spring had never been conducted to such lands, but the town water was conducted to that property in about the year 1887 ; that by the deeds hereinbefore referred to, the plaintiff was the owner of a portion of the first tract of land as set forth in the bill, but never owned any of the westerly tract ; and that the plaintiff had never actually used, but proposed to use the water of the spring on that land and elsewhere. It was in evidence that the plaintiff owned five building lots and buildings on them, situated on the west side of Church Street and south-

erly from Bradley Street; that the land from this spring slopes westerly and southerly toward Bradley and Church Streets, and that David Richmond died on September 24, 1869.

The defendant's evidence showed that he found the spring as a small hole in the ground, with not a large amount of water in it running to waste, spreading out over the ground; that he enlarged it and built a curb around it of stone laid in cement, some six feet in diameter and four or five feet high, and put a cover over it to keep the water pure, and to prevent others from meddling with it; that at the time the bill was brought he had made no use of the water, but afterward did conduct some of it through a pipe to two houses on the same land; that the plaintiff had not theretofore made any use of the water; and that, if the defendant had not used it, it would then have gone to waste.

The judge found that the curb and building put around the spring and roof over it were reasonable acts for the preservation of the spring, and were not injurious to any of the plaintiff's rights; that the defendant was drawing the water away from the spring in pipes for his own domestic use, and this was detrimental to the plaintiff's intended use; and that the plaintiff, if entitled to relief under either his original bill or his supplemental bill, was entitled to nominal damages of one dollar for the injury already done.

The plaintiff claimed to recover under his original bill, on the ground that the right or easement which he claimed in and to the spring was created as an easement appurtenant to the land conveyed by the deed of Richmond to Hunt, which land and easement finally came to Franklin R. Blackington; and that by the deed of Blackington to Scott this easement vested in Scott as an easement in gross, and passed to the plaintiff by the deed of Scott's heirs to him. The plaintiff also contended under his supplemental bill that his other title was created by Richmond's having reserved to himself in his deed to Hunt a right to a watering place, which right, he contended, passed by Jackson's deed to Martin, then to Clark and Davis, and finally by the deed of Clark and Davis again to Martin, and by the deed of Martin's heirs to the plaintiff, of October 28, 1897, vested in the plaintiff; and that if the effect of the deed from Blackington to Scott was not to transfer to Scott as an easement in gross the right or ease-

ment to the spring formerly appurtenant to the Blackington land, but to extinguish that easement, then the plaintiff contended that this second title of his became by such extinguishment an exclusive right to the whole spring with the right to build a reservoir and lay additional pipes.

The defendant admitted that, if the plaintiff had an exclusive right to take the waters of the spring, he had interfered with that right; and contended that the water of the Oak-tree Spring was annexed as a permanent easement to the land conveyed to Hunt; that it could not be separated from it or used at any other place, and Scott took nothing by the deed of F. R. Blackington to him; that the watering place or drinking place reserved in the deed of Richmond to Hunt was limited to the life of Richmond for want of the word " heirs " in the reservation; that even if this was not so, the Oak-tree Spring was expressly excepted in the deed of Richmond to Jackson and in the deed of Jackson to Martin, and no right to the spring passed by the deed of Martin to Clark and to his grantees, so that the plaintiff got no right to the spring by the deed of Martin's heirs; that the bill could not be maintained on the evidence; and that the plaintiff had an adequate remedy at law, and the damage shown did not entitle him to relief in equity.

The judge ruled that the plaintiff, if otherwise entitled to maintain his bill, had not an adequate remedy at law. Such decree was to be entered as justice and equity might require.

*E. M. Wood*, (*E. H. Beer* with him,) for the plaintiff.

*A. Potter*, for the defendant.

BARKER, J. The deed of Richmond to Hunt created an easement in fee for the benefit of and appurtenant to fifteen acres conveyed to Hunt. *Hogan* v. *Barry*, 143 Mass. 538. Upon the subdivision of the fifteen acres into building lots, each lot had an interest in the easement. *Durkin* v. *Cobleigh*, 156 Mass. 108, 111, and cases cited. As the easement was created by grant, neither mere non-user nor the use upon the fifteen-acre tract of water from the city water supply extinguished the easement, and the deed of June 19, 1889, made by an owner merely of part of the land to which the easement was attached and whose interest in the easement was only a right to use it for his part of the fifteen acres, could neither extinguish the easement nor give to his grantee a right as to an easement in gross.

The right of the original grantor to a watering place for cattle and other stock, whether a reservation for the grantor's life or an exception, cannot avail the plaintiff, who does not ask such a watering place, but seeks the aid of the court to compel the defendant to allow him to carry away for household purposes water, the right to which is annexed to lands in which the plaintiff has no interest.

Upon the facts stated in the report, the bill should be dismissed, with costs.　　　　　　　　　　　　*So ordered.*