# CHARLESTON.

## WILEY v. BALL.

Submitted February 27, 1912. Decided September 23, 1913.

1. WILLS—*Rights of Devisee.*
   A devisee can not take under one provision of a will and deny
   the validity of another provision thereof.   (p. 686).

2. EASEMENTS—*Construction—Extent of Right.*
   The mere reservation of a right of way, by a testator, over
   land given one devisee, for ingress to and egress from land
   given another, confers no right to the exclusive use of the
   soil over which the way may be located, but creates only an
   easement, and the way can not be enclosed by fences against
   the wishes of the servient tenant.   (p. 687.)

3. FENCES—*Duty to Fence—Easements.*
   No obligation rests upon the land owner to fence the way in
   which another has simply an easement.   (p. 687).

4. EASEMENTS—*Extent of Right.*
   The servient tenement can not be burdened with the occu-
   pancy of a greater width than s reasonably necessary for the
   uses for which a right of way thereover is reserved as an ease-
   ment, where no width is defined in the reservation.   (p. 688).

Appeal from Circuit Court, Mason County.

Bill by Millie C. Wiley against J. Robert Ball and others. From a decree for defendants, plaintiff appeals.

*Modified and Affirmed.*

*Rankin Wiley,* for appellant.
*Elmer L. Stone* and *John E. Beller,* for appellees.

ROBINSON, JUDGE:

Plaintiff by this suit sought a partition of land in conformity with the provisions of the will of her father, devising the land to her and the children of her brother. By that will plaintiff was given the "front part" of the land and the other devisees, defendants herein, were given the "back or east part." The will definitely stated just where the division line should be run. It also provided that "a right of way is reserved through the front tract to the public road." Plainly from the terms of the instrument this reservation of a right of way was for the use of the back part of the land. It was clearly devised in connection with the devise of that portion. Plaintiff not only prayed for a partition under the will but also for a marking out and establishment of the right of way. By a decree in the cause the lands were partitioned, and plaintiff in her petition for an appeal and in her brief expresses entire satisfaction with the division which has been made. A subsequent decree established a way fifteen feet wide through the front part which was given plaintiff, and imposed conditions on her in regard thereto. It is of this decree alone that she complains. By the decree plaintiff is required to build and maintain a fence along one side of the way, and defendants are required to build and maintain the way and a fence along the other side. Further, the decree allows plaintiff, at her own expense, to build and maintain gates or bars at such points in the fences as she may desire.

The testator in fact only owned an undivided one-half interest in the land though he dealt with it in making the devise as if he owned the whole. He had only the curtesy in the other undivided one-half interest through right of his deceased wife. So plaintiff submits that he had no power to make the devise of a reservation of right of way through land not wholly owned by him. Plaintiff urges this as a ground against the validity of

the devise for the right of way. She proposes to hold the front part of the land under the will, but to deny the will as to the reservation of way. This she can not do. The rule is well known. "One entitled to any benefit under a will or other instrument must, if he claims that benefit, abandon every right and interest the assertion of which would defeat even partially any of the provisions of that instrument." *Tolley* v. *Poteet,* 62 W. Va. 231. Plaintiff claims and has accepted the front part of the land under the will. She can not therefore deny the validity of the will as to the reservation of a way over that part of the land.

But we find error in the decree. While under all the facts and circumstances presented by the cause it seems to be a proper one for judicial determination of the location of the way, yet the decree goes further than simply to fix the location. It puts upon the servient tenement more than the granting of a mere right of way over it will justify and legally allow. It splits the servient tenant's land by a fencing of the way which the will does not call for. The reservation in the will does not give right to an exclusive use of the soil over which the way may be located, so that the same may be enclosed by fences. It gives only an easement, leaving title to the soil in the servient tenant, together with dominion over the soil covered by the way except so far as the necessary and reasonable use of the way takes from him that dominion. By no means does the reservation in the will mean that the land devised plaintiff is to be divided by fences without her consent, the use of the land thus encumbered, and its value thus perchance lessened. A fencing of the way is not necessary to a reasonable use of the easement, and nothing but a reasonable use was ever granted. "The owner of the right of way is not entitled to fence in the way against the wishes of the owner of the soil." Jones on Easements, section 410.

Then, the decree puts upon plaintiff, the servient tenant, the obligation to build and maintain a fence on one side of the way. The mere reservation of the way puts no such burden on her and the decree can not rightly do so. "No obligation rests upon the land owner to fence the way in which another has an easement." Jones on Easements, section 409.

Nor can the decree be sustained wherein it fixes the width of the way at fifteen feet.. That particular width, for all that appears in the record, may be more than is necessary for the reasonable use of a right of way for ingress to and egress from defendant's land. No width is defined in the reservation.

We find no reason to disturb the finding and decree as to the location of the way. The decree will be modified by striking from it all provisions as to fencing and width, and by providing simply for such use of a way on the location fixed as is reasonably necessary for the ordinary purposes of defendants in going to and from the land devised them. And as so modified the decree will be affirmed.

*Modified and Affirmed.*