# CHARLESTON

## COLLINS v. DEGLER.

Submitted May 26, 1914.  Decided June 9, 1914.

1. DEEDS—*Evidence—Construction of Deed—Extrinsic Evidence.*

   If construction of terms used in a deed or other written contract is doubtful, for interpretation resort may be had only to proof relating to the circumstances surrounding the execution of the writing, the situation of the parties and the property at the time, and the

subsequent acts of the parties under the writing. Parol declarations and explanations of the parties are not admissible. (p. 457).

2. FREE RIGHT OF WAY—*Case Distinguished.*

The decision in *Flaherty* v. *Fleming,* 58 W. Va. 669, syl. 1, construing a grant of "a free right of way for an alley" in connection with city property to mean a way unobstructed by a gate, distinguished as not controlling in this case. (p. 458).

3. EASEMENTS—*Grant of Right of Way—Construction—Maintenance of Gates.*

Whether the grantee of a right of way is entitled to a way unobstructed by gates depends upon the terms of the grant, the purposes for which it was made, the nature and situation of the property, and the manner in which they way has been used. (p. 459).

4. SAME—*"Free Right of Way"—Maintenance of Gates.*

The grant of "a free right of way" through agricultural lands, without more, does not imply that gates may not reasonably be maintained across the way by the servient owner. (p. 461).

Appeal from Circuit Court, Tucker County.

Bill by Icy D. Collins against Katharine Degler. From decree for plaintiff, defendant appeals.

*Reversed and bill dismissed.*

*R. D. Heironimus,* for appellant.

*C. O. Strieby,* for appellee.

ROBINSON, JUDGE:

Plaintiff purchased from defendant, out of the latter's larger boundary of land, a parcel containing about five acres. The deed conveying the parcel contains a distinct grant of the same in consideration of the sum of seventy-five dollars. In other words, the express grant of the deed relates only to the specific parcel of land as conveyed in consideration of that sum. Then the deed contains the following subsequent paragraph: "It is further agreed that the party of the second part shall have a free right of way on the most convenient location from the road to her residence: and also the free use of water from the large spring near by her said residence for one year."

At the time of the conveyance a road passed through the grantor's land some distance from the line of the parcel

conveyed. This road was not open as a public one. At the lines where it entered and left the land there were gates or bars on it. Soon after the conveyance of the parcel was made, however, a public road was established and fenced through the grantor's land on a similar location but farther from the parcel. The grantor's land at the time of the conveyance of the parcel out of it was not all enclosed by fences. It thus laid open for four or five years after the conveyance was made. In the meantime plaintiff, the grantee of the parcel, had occupied as a residence what was conveyed to her, had enclosed it, and had otherwise improved it. She had selected a way to the road which was acceptable to her grantor, and was using the same. Since the grantor's land was lying open, no necessity had arisen for a gate at the road, or for a fencing of the right of way leading from the road to the parcel. A gate at the enclosure of the parcel sufficed. But when the grantor sought to make use of the boundary of land through which ran the right of way, by enclosing that boundary and using it as a farm, different conditions arose.

Plaintiff objected to a gate at the entrance to the right of way from the road. She claimed that she was entitled to an open way from the road to her parcel. Her grantor erected nevertheless a gate at the road and served notice that no fencing in of the right of way and disturbing of the gate would be permitted. After prolonged trouble and threatened criminal prosecution growing out of the contention, plaintiff brought this suit against her grantor to vindicate her claim that she was entitled to an open way. The circuit court, upon a hearing of the cause fully matured, decreed the relief for which she prayed. Defendant has appealed.

(1) It will be observed that decision of the cause must turn on a construction of the paragraph in the deed giving to plaintiff a free right of way from the road to her parcel of land. In the record appears a mass of testimony as to what the parties intended by the language used. But a court can not interpret the contract from proof of oral declarations as to what the parties intended. For the intention of the parties resort must be had to the deed—to the signed and sealed compact of the parties. And wherein construc-

tion of the terms used is doubtful, we can only be aided by proof relating to the circumstances surrounding the transaction of the conveyance, the situation of the parties and the subject matter of the deed, and the subsequent acts of the parties under it. For this elementary proposition we need not cite authorities. Much therefore that has been injected into the record must be eliminated from consideration.

The case indeed narrows down to a consideration of the meaning of the word "free". Plaintiff insists that wherein the deed says she is to have "a free right of way" it means that she is to have one that is open and without gates. Does the word "free" in the deed mean what plaintiff construes it to mean? Does it mean that which it was construed to mean in *Flaherty* v. *Fleming,* 58 W. Va. 669, on which case it seems that the decision of the circuit court herein was grounded? Not necessarily.

(2) Defendant submits that in the deed the word "free" means "free from compensation". The reason given in *Flaherty* v. *Fleming* against such construction of the term is not of force in this case when we look to the makeup of the deed and to some facts shown to have surrounded its making. The provision for the right of way is not directly a part of the grant of land. The express grant is of a parcel of land in consideration of so much money. As the deed is made up, the giving of the right of way is a subsequent matter not necessarily covered by the money consideration recited. It was otherwise in *Flaherty* v. *Fleming.* There by the force of the terms of the deed the money consideration recited plainly covered the grant of the alley, so that the court held that it would be inconsistent to say that the word "free" meant "free from compensation". Moreover, in the case before us, it appears that the original negotiation and agreement between the parties embraced only the parcel of land for the seventy-five dollars. When it came to making the deed, the question of ingress and egress having arisen, the grantee requested a right of way. Very naturally then, since the parcel of land alone had been agreed on for seventy-five dollars, could not the parties by the use of the word "free" in the giving of the right of way have meant "free from further compensation"? But we need not expressly decide that the

parties intended such meaning by the use of the word. For
under the circumstances of the case, we can not in any event
hold that they intended the word to mean "unobstructed by
gates".

Again we may note that the case is different from *Flaherty*
v. *Fleming,* in another particular. In that case the property
was urban; in this case it is rural. The word "free", by
uses and conditions in a city, may have a very different mean-
ing from that which uses and conditions in the country may
give it. The opinion·in *Flaherty* v. *Fleming* notes this. In
that case the grant stated that the right of way was for an
*alley* twelve feet wide. Persons in a city do not ordinarily
think of an alley as a way enclosed by gates. The use of the
word "alley" in connection with a city lot carries with it the
idea of an open way, such as almost invariably pertains to
city property. But not so as to the use of the words "right
of way" as applied to ingress and egress over farming lands.
Nor even so as to the use of the words "free right of way" as
applied to such lands. We must give to words the meaning
that they imply from their use in relation to certain subject
matter. There is freedom in the country through gates that by
no mean would be called freedom in the city. Conditions and
usages necessarily make it so. When plaintiff took a deed
for the parcel, the road referred to in the deed had gates and
bars across it. Yet it appears that the public freely traveled
that road.

(3) ·"Whether the grantee of a right of way is entitled
to a way unobstructed by gates or bars depends upon the
terms of the grant, the purposes for which it was made, the
nature and situation of the property, and the manner in
which it has been used." Jones on Easements, sec. 400. The
last named of these criteria does not apply in this case, since
there was no necessity until defendant enclosed the land for
any but the open way which existed out of the condition of
things. But the others do apply. · And when we look to
them, we are clearly of opinion that defendant did not in-
tend to give an open way from the road to plaintiff's gate
at the line of her parcel. In the first place the use of the
words "right of way" indicates retention of the ownership
and use of the soil except as interfered with by passage over

the right of way. If the parties meant a lane, why did they not use the term? The grant of a right of way merely does not deprive the grantor of uses of the way consistent with the right he has granted. It is the grant of an easement only, not of the land itself. *Uhl* v. *Railroad Co.,* 51 W. Va. 106; *Wiley* v. *Ball,* 72 W. Va. 685, 79 S. E. 659. So by the very use of the terms it appears that defendant did not intend to cut herself off from such uses of the land as she could make consistently with the use for ingress and egress. Then let us look to another use of the word "free" in the deed, that unquestionably throws light on what the parties meant by the word in relation to the right of way. In the same paragraph it is used a second time, referring to the use of the spring. Plainly the parties did not intend a different meaning for it in each instance of its use. The free use of the spring on defendant's land was given. Did this mean an enclosed lane from plaintiff's land to the spring? Did it mean that no gate was to intervene at the fenced line separating plaintiff's parcel from defendant's land whereon was the spring. No one will insist that it did. It meant of course, if not freedom from money charge, freedom from restraint in the taking of water from the spring. And a like meaning of the word in the other connection would be freedom from restraint in passing over defendant's farming land. Looking to the purposes for which the right of way was given, we find nothing to call for a construction that the way must be an open one. It is not unusual or unreasonable for a farm house or even a farm to be approached through a gate way. But there are outstanding circumstances pertaining to the nature and situation of the property which plainly negative the idea of an open way by the use of the word "free", and aid in giving to the word the proper interpretation that it must have in this deed. To have an open way defendant's land must be left open to the road, or a lane be fenced through the land. It is unreasonable to suppose that defendant meant that the land should always lie open. A fenced lane would separate the larger portion of defendant's land from the stream that is the only watering place of the farm for stock in the dry seasons of the year. The plat filed and duly proved in the case, taken in connection with proof describing the premises,

makes this clear.  Can it in reason be assumed that defendant meant to depreciate the value of her land by leaving it open or splitting it by a lane, simply to give plaintiff a way out? The money consideration that defendant received in the transaction is too small to warrant any such assumption.

(4)  Freedom in the use of a right of way over farming land is not unreasonably interferred with or restrained by the use of gates, when the grant of the right has no provision forbidding them.  Why?  Because the very character of the land makes gates essential to the proper and reasonable use of the way.  They are, in other phrase, the custom of the business.  Certainly in speaking of a free right of way through a valuable farm, without more, the idea of the use of gates is implied, by the very character of the land and the customs thereunto appertaining.  As instanced in Jones on Easements, sec. 405, a grant of ''a free right of way'' does not imply that a gate across the way is an obstruction.  The conditions to be considered, as we have seen, may in good sense prove that a gate across a right of way does not amount to an obstruction.

The decree is erroneous.  It will be reversed, and the decree that should have been entered below dismissing plaintiff's bill will be entered here.

*Reversed and bill dismissed.*