Mateusz Les & another *vs.* Frank Alibozek & another.

Berkshire.    September 17, 1929. — November 25, 1929.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Way*, Private: creation, abandonment, termination. *Deed*, Construction. *Equity Pleading and Practice*, Answer. *Damages*, In suit in equity.

In a suit in equity by the owner of a farm, known as the "South" farm, to enjoin the defendant, owner of an adjoining farm known as the "Hill" farm, from interfering with a right of way over the Hill farm, the following facts appeared: One who formerly owned both farms used an old way from the South farm over the Hill farm to a highway. After his death his heirs conveyed the South farm with a new right of way over the Hill farm to the highway, and the next year the Hill farm, to one who four years later conveyed the Hill farm to the defendant reserving the old right of way to himself, his heirs and assigns, and the next year conveyed the South farm to the plaintiff with the old right of way and by the same deed assumed to grant to the plaintiff the new right of way. The plaintiff used the old way for four years and then built the new way and joined with the defendant in building a fence along it and in closing the old way with fence wire. The defendant then with the plaintiff's assent plowed the old way. The next year the plaintiff began to use the old way again and claimed rights in both ways. An attorney of the defendant in a letter to the plaintiff denied any right in the plaintiff to use the new way. Afterwards the defendant denied any right in the plaintiff to use the old way. The suit was to enjoin interference with the plaintiff's use of the old way. *Held*, that

(1) When the ownership of the two farms was united in the immediate predecessor in title of the parties, no part of either farm remained servient to the other: both ways then ceased to exist;

(2) The reservation in the deed to the defendant again made the Hill farm servient to the old way for the benefit of the South farm;

(3) The subsequent conveyance to the plaintiff gave him the old right of way over the Hill farm but did not give him the new right of way because at that time the grantor possessed no such right;

(4) The building by the plaintiff of the new way did not terminate his right to the old way;

(5) The evidence of acts of the parties was not sufficient to show a purpose inconsistent with the continued existence of the right of the plaintiff to use the old way;

(6) A decree enjoining the defendant from interfering with the plaintiff's use of the old way was affirmed.

In the suit above described, the defendant did not, either in his answer or by a cross bill, claim damages due to unlawful acts of the plaintiff

during the dispute between the parties, and the judge sustained an exception by the plaintiff to findings by the master assessing $50 damages upon the plaintiff for the defendant. The final decree, upon a finding of the master, awarded $50 damages to the plaintiff. On appeal by the defendant, it was *held*, that

(1) Upon the pleadings, the defendant was not entitled to damages;

(2) It lay within the discretion of the Superior Court, before the entry of the decree after rescript, in order to avoid further litigation, to permit the defendant, if so advised, to amend his answer to conform to the issues actually tried on the question of damages and to the master's findings thereon;

(3) If such amendment were allowed, the final decree might be modified by omitting the award of damages to the plaintiff or by adding an award of damages in $50 to the defendant; and as so amended might stand affirmed.

BILL IN EQUITY, filed in the Superior Court on January 27, 1926, to restrain the defendants from interfering with a right of way.

The suit was referred to a master. Material facts found by the master and exceptions by the plaintiff thereto are stated in the opinion.

After a hearing by *Burns*, J., there were entered an interlocutory decree sustaining the plaintiff's third exception and confirming the master's report as thus amended; and a final decree described in the opinion. The defendants appealed from both decrees.

*E. D. Getman* (*M. E. Couch* with him,) for the defendants.

*F. A. Hanlon*, for the plaintiffs.

WAIT, J. The facts material to the determination of this appeal are as follows: Prior to his death, one Burlingame owned two adjoining farms known as the "Hill" and the "South" farms. In 1913 his heirs conveyed the South farm to Horn with a right of way two rods wide (which hereafter will be called the new way) along the line of one Perrault's land over part of the Hill farm to the highway. In 1914 Burlingame's heirs conveyed the Hill farm to Horn. For many years there had been a way in use from the house on the South farm northeasterly across meadow lands of the South and Hill farms to the highway near an old house on the Hill farm. Barways or gateways had been kept up, except in winter, on this way (which hereafter will be called

the old way). Horn remained owner of both farms until October, 1918, when he conveyed the Hill farm to the defendants, and, by the deed, reserved to himself, his heirs and assigns, a right of way from the highway to the South farm "the same as now in use." The way thus reserved was the old way. Nothing was said of the new way. In May, 1919, Horn conveyed the South farm to the plaintiffs with the old right of way, and also by this deed assumed to grant them the new right of way. From May, 1919, until the autumn of 1923 the plaintiffs used the old way across the Hill farm without objection or interruption from the defendants. In September, 1923, however, they cleared the new way of trees and brush which rendered it impassable, and built there a roadway twenty feet wide. When this new roadway was complete the plaintiffs and defendants joined in building a wire fence along its northern boundary, and the opening of the old way on the line of the two farms was closed by stretching a fence wire across it. The defendants with the plaintiffs' assent plowed up the location of the old way on the meadow of the Hill farm. The plaintiffs used the new way until May, 1924, and then began to use the old way again. Dispute arose; the defendants claiming that the plaintiffs had but one way across the Hill farm, the new way which by agreement had been substituted for the old way; the plaintiffs claiming that they had both the old and the new ways — the one given by their deed from Horn, the other by agreement of the defendants. In May, 1924, the plaintiffs were notified by letter of the attorney for the defendants not to trespass along the southerly border of their land (the new way) and were told "Over the right of way described in the deed of . . . Horn to us . . . reserved by said Horn in said deed . . . you have a right to go or pass but upon no other part of our land described in said deed . . . " (the old right of way). The letter threatened prosecution if attempt were made to pass elsewhere over the Hill farm. For a short time the plaintiffs continued to use both ways until the defendants rendered the new way impassable and closed it up. Thereafter until shortly before the first hearing in

this case the plaintiffs used the old way but were subjected to interference, obstruction and objection by the defendants. They brought this bill for injunction against interference in the use of the old way and for damages.

The master found, if the evidence was admissible, that the defendants and plaintiffs agreed orally to substitute a right of way across the Hill farm twenty feet wide along the locus of the new way for one right of way along the locus of the old way, and reported that the attorney who wrote the letter of May, 1924, testified that at the time of writing he had not been informed of any oral agreement of the parties for a substitution of ways. He further found that the defendants had the right to maintain gates and barways across the old way and had been damaged to the extent of $50 by the plaintiffs' acts in tearing down bars and gates so placed.

The plaintiffs excepted to this report in finding that the defendants were entitled to maintain gates and barways on the old way; in ruling that evidence of an oral agreement for substitution of ways was admissible; and in finding that an agreement for substitution was made. After hearing, the court sustained the third but overruled the other exceptions. It ordered an interlocutory decree confirming the report except so far as thus modified and except in allowance of damages to the defendants. Further it entered a final decree enjoining the defendants perpetually from interference with the plaintiffs' peaceful enjoyment of the old way except by maintaining bars or unlocked gates at either end; and directing execution to issue for damages in $50 and costs in a sum stated. The defendants appeal from both decrees.

The rules of law applicable are well established. When the ownership of the two farms was united in Horn, no part of either remained seryient to the other. See *Ritger* v. *Parker*, 8 Cush. 145. The easement over the Hill farm along the Perrault line, granted to him with the South farm in 1913, ceased to exist. When, however, he conveyed the Hill farm to the defendants he made it servient to the South farm by his reservation of a right of way along the

old way across the meadows. This reserved right of way he could and did grant to the plaintiffs when he conveyed the South farm to them. It was appurtenant to the South farm and would have passed with it even if he had not in terms referred to it in his deed. *Dennis* v. *Wilson,* 107 Mass. 591, and cases cited. *Barnes* v. *Lloyd,* 112 Mass. 224. But he could not make a valid grant to them of the new way along the Perrault line because he did not then possess it. Only the owners of the Hill farm could grant a valid right to the new way. Those owners never did create such a right in the plaintiffs. The plaintiffs were acting without right when they built and used the roadway twenty feet wide along the Perrault line, unless they did it by license from the defendants. Their act, even if it was wrongful, did not terminate their right to the old way. That right was created by deed, and it could be terminated only by their deed or by abandonment. *Dubinsky* v. *Cama,* 261 Mass. 47, 57. *Brookline* v. *Whidden,* 229 Mass. 485.

They never released it by deed. Whether they abandoned it was a question of fact. *Willets* v. *Langhaar,* 212 Mass. 573, 575. For a time they did not use it; but mere non-user does not terminate an easement created by deed. *White* v. *Crawford,* 10 Mass. 183, 189. *Arnold* v. *Stevens,* 24 Pick. 106. *Barnes* v. *Lloyd, supra,* at page 232. *Brookline* v. *Whidden, supra. Willets* v. *Langhaar, supra. Arcisz* v. *Pietrowski,* 268 Mass. 140.

In *Boston & Providence Railroad* v. *Doherty,* 154 Mass. 314, it is stated, at page 317, "It is a well established rule of law that an easement may be extinguished, renounced, or modified by a parol license granted by the owner of the dominant tenement, and executed by the owner of the servient tenement. *Dyer* v. *Sanford,* 9 Met. 395. *Morse* v. *Copeland,* 2 Gray, 302. *Curtis* v. *Noonan,* 10 Allen, 406. *Canny* v. *Andrews,* 123 Mass. 155. *King* v. *Murphy,* 140 Mass. 254. One cannot acquire an interest in the land of another by executing a parol license from the owner to occupy or use it, for such a license is revocable. But if the license is to do that upon the licensee's own land which

prevents the further enjoyment by the licensor of an ease-
ment in the land, such a license, when executed, is irrev-
ocable, and the effect of it is to extinguish the easement.
An easement may be lost by abandonment; and whether
there is an abandonment is ordinarily a question of inten-
tion. If the extinguishment of an easement by the execu-
tion by the owner of the servient estate of a license which
prevents the further enjoyment of the easement rests on
the ground that the owner of the easement intentionally
abandons it, — and where there is a complete extinguish-
ment it may well rest upon that ground, — his intention
is conclusively presumed in favor of the owner of the servient
tenement who executed the license, because between these
parties, when one acts upon the license of the other, the
manifest and apparent intention which is acted upon must
control their rights, whatever the secret intention of the
licensor may be." The court there held that since, pur-
suant to a parol agreement of the dominant and servient
owners for a substitution of a new way for an old one, the
servient owner had constructed the new way, and so altered
the servient estate that the old way could no longer be
used as before, the old way had been extinguished by the
executed license; and, further, that it had been abandoned,
since the change in the old way was consistent only with
an intent of the dominant owner to abandon his old right.
See also *Byrne* v. *Savoie*, 225 Mass. 338, 340.

In the case before us the acts in the construction of the
new way were acts of the dominant owners under, appar-
ently, a claim of right; and the acts of the servient owners
in dealing with the old way were not inconsistent with the
continued existence of the old way. See *Dyer* v. *Sanford*,
9 Met. 395, 401. Plowing up the servient estate is not
enough to show abandonment of the right of way — a
temporary suspension of use is not enough. *New England
Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145, 154.
*Barnes* v. *Lloyd, supra.* *Pope* v. *Devereux*, 5 Gray, 409.
Moreover, to show abandonment there must be evidence of
a present intent to relinquish the easement or a purpose

inconsistent with its further existence. *Willets* v. *Langhaar*, *supra.* *Parsons* v. *New York, New Haven & Hartford Railroad*, 216 Mass. 269, 272.

There is no finding by the master that the plaintiffs in beginning to prepare the new way for use were acting upon a license from the owner of the Hill farm, and no such finding is called for by the evidence. If it be assumed that an agreement for substitution was actually made, the parties did not continue to act in accord with it. The new way along the Perrault line was prepared by the plaintiffs and used for a while; but, in spite of the alleged agreement, the defendants, by the letter of their attorney, in May, 1924, forbade its further use, recognized the continued existence of the right of way over the old way and the plaintiffs' right thereto, and, shortly thereafter, blocked up the new way. That letter confined the plaintiffs to the rights which they held by deed. It is inconsistent with the existence of new rights created by oral agreement. It was acted upon by the plaintiffs. The defendants cannot now be permitted to explain it away as a misunderstanding of the attorney. In substance the defendants, at least for a time, denied any right of way across the Hill farm. The plaintiffs were wrong in claiming two rights of way, although on the face of their deed from Horn two had been given them. They could not rightfully claim both the old way by deed and the new way by oral grant, which, according to the master's report, is the claim that they made. Nor could the defendants rightfully maintain that the right of way along the old way had been terminated by agreement for a substituted way, and then deny the use of the way so substituted. Eventually they removed their obstructions from the new way, but too late to validate the substitution. The evidence is not sufficient to show an intent to relinquish except upon a condition which the defendants did not perform — undisturbed use of the new way; nor a purpose inconsistent with the further existence of the old way, — the plaintiffs claimed both rights. The plaintiffs remain legal owners of the old right of way. The

judge was right in sustaining the third exception to the report, and in the decree restraining interference with that right of way.

The plaintiffs have not appealed from the decree and accept, as in any case they must have done, the limitation of use of the way by barways or unlocked gates at either end. See *Ball* v. *Allen*, 216 Mass. 469, 472; *Blais* v. *Clare*, 207 Mass. 67; *Short* v. *Devine*, 146 Mass. 119, 126, 127; *Garland* v. *Furber*, 47 N. H. 301; *Collins* v. *Degler*, 74 W. Va. 455, 461.

The judge was right also in refusing damages to the defendants. If they desired affirmative relief in this proceeding, they should have filed a cross bill, *Smith* v. *Weeks*, 252 Mass. 244, or have requested it by their answer or other appropriate pleading. See *Stuart* v. *Roche*, 264 Mass. 63. This they did not do. The rule which permits affirmative relief to a defendant without requiring that a cross bill be filed, Equity Rule 6 (1926), does not authorize a decree therefor unless the claim is made in the answer. Nevertheless, it lies within the discretion of the Superior Court, before the entry of the decree after rescript, in order to avoid further litigation, to permit the defendants, if so advised, to amend their answer to conform to the issues actually tried on the question of damages and to the master's findings thereon. *Day* v. *Mills*, 213 Mass. 585, 588. *Pizer* v. *Hunt*, 253 Mass. 321, 331. *Narragansett Amusement Co.* v. *Riverside Park Amusement Co.* 260 Mass. 265, 278. If such amendment is allowed, the final decree may be modified by omitting the award of damages to the plaintiffs, or by adding an award of damages in $50 to the defendants; and as so amended may stand affirmed. If such amendment and modification are not made, the decrees as they now stand are affirmed.

*Ordered accordingly.*