Merrimack
No. 79-184

### GEORGE CRICENTI & a.

### v.

### JAMES BEWLEY & a.

May 12, 1980

*Upton, Sanders & Smith,* of Concord (*Robert Upton, II,* orally), for the plaintiffs.

*Hall, Morse, Gallagher & Anderson,* of Concord (*Charles T. Gallagher* orally), for the defendants.

PER CURIAM. The issue in this case is whether the evidence supported the master's finding that a right to use water from a spring had been lost by abandonment. We hold that it did.

Plaintiffs are the owners of land located on the westerly side of Route 11 in New London. The deed conveying the property to plaintiff's father, Joseph Cricenti, in 1948 recited a water right from a spring located on land now owned by defendants located on the opposite side of the highway conveyed by "Fred B. Gay . . . July 20, 1920 and recorded with the deed." The 1920 deed was not recorded, however, and has been lost.

Plaintiffs have brought a bill in equity to quiet title to the water rights. There was a hearing before a Master (*Roger Burlingame*, Esq.) who found an abandonment and recommended dismissal of the action, which was ordered by *Cann*, J. Plaintiffs appealed.

The master found that although the deed of the water right had been lost, plaintiffs established a prescriptive right by use from 1920 through 1946. He found, however, that from 1946 to 1950, while Frank Cricenti resided in the house on the premises, the cistern was not used and "in fact dried up." Although there was conflicting evidence on this point, the master's resolution must stand. *Ballou v. Ballou*, 118 N.H. 463, 387 A.2d 1169 (1978); *Marcou Const. Co., Inc. v. Tinkham Indus. & Development Corp.*, 117 N.H. 297, 371 A.2d 1187 (1977).

The master also found that the cistern had remained dry and unused from prior to 1950 until 1972 or 1973 when the house was burned to the ground as a fire department training exercise. He further found that in 1948 Joseph Cricenti conveyed a strip of land along the front of the premises to the State for highway purposes without reserving an easement for a pipeline or other easement and that the water stopped running into the house, probably at the time the highway was reconstructed. The master also found that plaintiffs took no steps to preserve the flow of water or to protect the pipe during highway reconstruction, and allowed the spring house to fall into disrepair and the house to be razed without doing anything to preserve the pipe leading to the cistern.

Although mere non-user of an easement raises no presumption of abandonment, non-user may support a finding of an intent to abandon and thus, abandonment. *New England Box Co. v. Wood*, 81 N.H. 124, 123 A. 826 (1923); *Willets v. Langhaar*, 212 Mass. 573, 99 N.E. 466 (1912).

In the latter case, the master found no abandonment from the mere non-user of a spring but the court, in reviewing the master's findings, stated that the evidence would have warranted a different conclusion on the question of abandonment. *Id.* at 576, 99 N.E. at 467. Here the master did come to a different conclusion.

We cannot say on the record in this case that the master's finding of an intent to abandon and abandonment was not supported by the evidence. It therefore must stand. *Heston v. Ousler*, 119 N.H. 58, 62, 398 A.2d 536, 539 (1979); *Sargent Lake Ass'n. v. Dane*, 118 N.H. 720, 722, 393 A.2d 559, 561 (1978).

*Appeal dismissed.*

BOIS, J., did not sit.