THYNG, *Trustee, v.* MOSES & *a.*

Ordinarily the beneficiaries under a will are entitled to their respective shares of the estate as soon as they can be determined; and it is not necessary to wait before distribution until other trusts created by the will are fully performed.

BILL IN EQUITY, by a trustee, under the will of Theodore Moses, for construction of the will, and direction as to the distribution of trust funds now in his hands. The will gives to Ann A. Moses, daughter of the testator, "a good and comfortable support during her natural life." It then gives the interest and income of certain specified sums to each one of his other seven children for life, the principal in each case to go to the children of his said children *per stirpes.* A residuary clause gives the residue of his estate "to my said children, their heirs and assigns forever." All the children except two, and the defendant Abby K. Moses, who is the widow of one of the sons, and has, by the will, during her life, the interest and income of the same sum as her late husband had, are dead. The legacies to said deceased children and their children, and all debts, special legacies, and other charges against the estate, have been paid. The balance of the legacies to the two living children and to the heirs of the husband of Abby K. Moses is $7,179.44. The total amount now in the trustee's hands, mostly in bank stocks, is, at par, $10,000. The market value is considerably more. The "surplus" now in the trustee's hands is about $3,000 or more, if the stocks are reckoned at market value. The income of this surplus will pay all expense of said trust, leaving the entire income of said "capital sums" to be paid to the legatees without charge.

The question is now raised whether said surplus should not be immediately distributed; and if not, what part, if any, of the income thereof should bear of the expense of the trust. The residuary legatees claim that the surplus should be now divided; and that, in any event, the surviving life legatees should not receive more than a proportional part, about 72 per cent., of the *net* income of the whole fund, after deducting expenses, leaving about 28 per cent. of the income to accumulate. The life legatees claim that they are entitled to the entire income of their several legacies without charge, the expenses to be paid from the income of the surplus.

*William H. Paine,* for the trustee.

*Marston & Eastman,* for the life legatees.

*C. H. Knight,* for the residuary legatees.

CLARK, J.   The trust was created by the provisions of the will respecting the life legacies and the support of Ann A. Moses. The uncertainty as to the amount which would be required for her support rendered a division of the estate impracticable during her lifetime; but her death removed the uncertainty, and the debts and special legacies being paid, no contingency remains, and no reason exists why a distribution of the estate cannot now be made.   Ordinarily the beneficiaries under a will, unless it is otherwise provided, are entitled to their respective shares of the estate as soon as they can be determined and distribution can reasonably be made; and, unless the contrary appears, it is to be assumed that the testator intended that distribution should be made as soon as practicable.   Where a testator by his will bequeaths to his executors several sums of money in trust for different parties, each trust should be kept distinct from the others, so that every step in its management may be distinctly traceable in the accounts of the trustees and in the investments they make.   The trust must not, through investment, be complicated with the rights of strangers, or required to share in the losses of other funds.   1 Per. Tr., s. 463; *Fowler* v. *Colt*, 25 N. J. Eq. 202; *McCullough* v. *McCullough*, 44 N. J. Eq. 313.

The amount of the bequests to the life legatees and their children is a definite sum, ascertained to be $7,179.44.   The balance of the estate belongs to the residuary legatees; and the fact that the trust has not been fully performed as to the life legacies, furnishes no ground for withholding from the residuary legatees the shares to which they are entitled.   There is nothing in the will indicating that the testator intended that the distribution of the estate should be postponed until after the death of the life legatees; and the balance of the fund above $7,179.44 should be distributed among the residuary legatees.

*Decree accordingly.*

BLODGETT, J., did not sit: the others concurred.