Hillsborough, }
    June, 1900. }

70    393
72    195

SAWYER v. JEFTS.

Where a covenant of warranty has been broken during the lifetime of a deceased covenantor, an action therefor cannot be maintained against his heir-at-law.

COVENANT BROKEN. Trial by the court. The defendant's father conveyed a tract of land to the plaintiff in 1893, by warranty deed in common form, and died in March, 1895. An administrator of his estate was appointed the same month. The plaintiff had been evicted from the premises the preceding February. He presented this claim to the administrator, but made no further effort to enforce it until March, 1899, when he begun this action. At the close of the plaintiff's evidence a nonsuit was ordered, subject to exception.

*E. S. & H. A. Cutter*, for the plaintiff.

*Joseph B. Parker* and *Hamblett & Runnells*, for the defendant.

YOUNG, J. The common law did not charge a person's real estate with the payment of his debts, but permitted him to do so; and when he did, it gave such creditors an action to enforce their claims after his death. This action, though nominally against the heir, was a proceeding *in rem* against real estate the heir had inherited

from the covenantor; for in order to maintain an action, the creditor must show that the heir had such land, and the execution was against that, and not against the heir or his goods. In 1718 a statute which is still in force was passed, charging all the estate of deceased persons with the payment of all their debts, and making it the duty of administrators, whenever the personal estate is insufficient, to sell so much of the real estate of deceased persons as is needed for this purpose. Prov. Laws, *ed.* 1725, *p.* 88; Laws, *ed.* 1797, *pp.* 243, 254; Laws, *ed.* 1805, *pp.* 170, 178; Laws, *ed.* 1815, *pp.* 207, 215; Laws, *ed.* 1830, *pp.* 334, 365; R. S., *c.* 159, *s.* 12; *Ib.*, *c.* 164, *s.* 1; G. S., *c.* 177, *s.* 13; *Ib.*, *c.* 182, *s.* 1; G. L., *c.* 196, *s.* 13; *Ib.*, *c.* 201, *s.* 1; P. S., *c.* 189, *s.* 15; *Ib.*, *c.* 194, *s.* 1. This statute, making it the duty of administrators to sell the real estate of deceased persons and apply the proceeds to the payment of all their debts, removed the occasion for giving specialty creditors an action against the heir whenever the covenant was broken in the lifetime of the covenantor; and the provision in regard to administrators applying the proceeds of the land they sell to the payment of all their deceased's debts is inconsistent with the idea that the legislature intended for such creditors to proceed against either the land or the administrator at their election. If they could, such creditors might appropriate all the deceased's real estate in payment of their debts, to the exclusion of other creditors. It follows that as to all cases where the covenant was broken in the lifetime of the covenantor, the intention must have been either to take away this right of action entirely, or to suspend it so long as real estate is liable to be sold by the administrator to pay debts.

It is the policy of the law to secure the speedy settlement of estates; and since this action is only a method of settling them, it cannot be assumed, in the absence of evidence, that the legislature intended to simply suspend actions of this kind, for this would be to except them out of the operation of the general rule which requires suits against administrators to be begun within three years next after the original grant of administration. P. S., *c.* 191, *s.* 4. Such a construction would defeat the policy of the law, for in that case such actions could be maintained against a deceased person's estate at any time within twenty years after the cause accrued. *Hutchinson* v. *Stiles*, 3 N. H. 404; *Judge of Probate* v. *Brooks*, 5 N. H. 82; *Hall* v. *Martin*, 46 N. H. 337; *Russ* v. *Perry*, 49 N. H. 547.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.