Merrimack,  }
March 5, 1912. }

### REDINGTON HUB CO. *v.* PUTNAM, *Adm'r, & a.*

Money paid to an administrator under a mistake of fact and distributed by him among the heirs of the decedent may be recovered of the distributees in an action of assumpsit for money had and received.

In such case the plaintiff is not concluded by a judgment of the probate court upon the administrator's account, nor is his claim subject to the limitations imposed by sections 1 and 4, chapter 191, Public Statutes.

If the plaintiff in an equitable proceeding is entitled to relief in an action of assumpsit, he may be permitted to amend by filing the proper count in aid of the bill.

BILL IN EQUITY, against Henry J. Putnam, administrator of the estate of Charles W. Redington, and certain heirs-at-law of Charles. The plaintiffs filed a general demurrer, and the questions of law arising thereon were transferred without ruling from the April term, 1911, of the superior court by *Wallace*, C. J.

*George V. Hill,* for the plaintiffs.

*Jesse M. Barton* and *Martin & Howe,* for the Redington heirs.

PARSONS, C. J. The substance of the complaint set up in the bill, as explained in argument, is that the plaintiffs bought of the administrator certain personal property and paid him therefor; that by mutual mistake as to the number of the articles sold and purchased, by which the total sum to be paid was determined, the plaintiffs paid the administrator a much larger sum than was due according to the terms of the contract,—that is, that the administrator received of the plaintiffs a large sum of money without con-

sideration.   Upon the facts as claimed by the plaintiffs, the administrator obtained no title to this money and could convey none to the heirs.   Whoever now holds this money is bound in equity and good conscience to return it to the owner.   A count for money had and received in an action of assumpsit will furnish the plaintiffs adequate relief.   Such an action in spirit and effect resembles a bill in equity and in general is maintainable whenever the defendant has obtained possession of money belonging to the plaintiff which he ought to refund, as for money paid by mistake of fact, or upon a consideration which has failed.   *Lockwood* v. *Kelsea*, 41 N. H. 185, 187; *Wentworth* v. *Gove*, 45 N. H. 160; *Kimball* v. *Gilman*, 60 N. H. 54, 56.   To support the action, no privity of contract is required other "than that which results from one man's receiving another's money which he has no right conscientiously to retain. In such a case the law and the equitable principle upon which the action is founded imply the contract and the assumpsit." *Knapp* v. *Hobbs*, 50 N. H. 476, 478; *Fogg* v. *Worster*, 49 N. H. 503, 506, 507.   The action is "maintainable whenever the money of one man has, without consideration, got into the pocket of another." Lord *Ellenborough* in *Hudson* v. *Robinson*, 4 M. & S. 475, 478.

If there has been a judgment of the probate court upon the administrator's account, the plaintiffs were not a party to that proceeding. The only matter thereby determined was the amount, as between the administrator and the heirs, for which the administrator should then account.   The decree would not be conclusive as to matters subsequently arising.   *Burleigh* v. *Bennett*, 9 N. H. 15, 19.   The claim is not one against the deceased, and the statutory limitation of suits against administrators so founded has no application. P. S., *c.* 191, *ss.* 1, 4.   There is no occasion for proceeding under section 27 of that chapter to avoid the bar of the statute.

The objection raised by the demurrer, that the plaintiffs have an adequate remedy at law, can be avoided by filing the proper count in assumpsit in aid of the bill.   As in such action the plaintiffs can obtain relief upon the facts as claimed in argument, it will not be useful to take time to consider the technical accuracy of the bill, or whether upon some aspects of the case which may be proved equity will not have jurisdiction.   The facts should be determined before an attempt is made to pass upon questions of law which may or may not be material.   The plaintiffs have leave to amend.

*Case discharged.*

All concurred.