JOSEPH B. DRUMMOND *vs.* RALPH PILLSBURY.

STATE STREET HOSPITAL *vs.* RALPH PILLSBURY.

Cumberland.     Opinion October 30, 1931.

*Frank B. Pretti,* for plaintiffs.
*Edward J. Berman,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

STURGIS, J.   The plaintiffs in these actions declare in assumpsit
on account annexed and the defendant pleads the general issue with
a brief statement setting up the bar of the Statute of Frauds. The
cases were tried together in the Superior Court and are brought
here upon exceptions to the denial of the defendant's motions for
directed verdicts.

The testimony of the plaintiffs' witnesses tends to prove that
the defendant's married daughter, Mrs. Beulah Wescott, became
critically ill and her attending physician, Dr. L. S. Lombard, after
consultation with the plaintiff, Joseph B. Drummond, a physician
and surgeon of Portland, advised her immediate removal to the
State Street Hospital for an emergency operation. Learning that
Mrs. Wescott was separated from her husband and without means,
Dr. Lombard told the defendant that somebody would have to be
responsible before Mrs. Wescott could be sent to the hospital. The
defendant said he would pay the "bills incurred at the hospital" or
the "bills at the hospital" for his daughter and directed the physi-
cian to call an ambulance.

On Dr. Lombard's statement that the defendant said he would
pay his daughter's bills at the hospital, she was received there as
a patient, cared for and operated on. The bills of the hospital and
the surgeon were charged to the defendant, rendered to him in due
course and remain unpaid. The items thereof make up the accounts
annexed.

The defendant denies that he authorized Dr. Lombard to send
his daughter to the hospital or agreed to pay her bills incurred
there. His uncorroborated testimony, however, does not so clearly

outweigh the evidence introduced by the plaintiffs that only a finding for the defendant can be sustained. This issue was properly submitted to the jury.

Nor do we think the plaintiffs' actions are necessarily barred by the Statute of Frauds, R. S., Chap. 123, Sec. 1, Par. 2. Viewing the evidence most favorably for the plaintiff, the defendant's promise was made before any hospital or surgical services were rendered or any debt therefor created, and credit was extended solely to him. Upon a finding of these facts, the defendant's promise was original and not within the Statute. *Hines & Smith Co.* v. *Green*, 121 Me., 478; *Starkey* v. *Lewin*, 118 Me., 87; *Fairbanks* v. *Barker*, 115 Me., 11.

No more, as a matter of law, can it be said that the professional services of the plaintiff, Dr. Drummond, were not included in the defendant's promise. The necessity of a surgical operation appears to have been known by the defendant, and it was to submit to it that his daughter was to be sent to the hospital. The expression "bills incurred at the hospital" and "bills at the hospital," in the light of facts and circumstances attending its utterance, may well have been intended by the defendant and understood by the plaintiffs to include the expenses of the operation. A finding to that effect is not clearly outside the evidence.

A motion for a directed verdict must be denied when the evidence considered most favorably for the adverse party warrants a verdict in his favor. The refusal of the presiding Justice to direct verdicts for the defendant was not error.

*Exceptions overruled.*