Hillsborough, }
March 3, 1936. }

AMERICAN UNIVERSITY *v.* IRVING E. FORBES, *Ex'r, & a.*

*Frank B. Clancy* (by brief and orally), for the plaintiff.

*Irving E. Forbes* and *Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Langdell* orally), for the trustee.

ALLEN, C. J.   There would be no question of the plaintiff's right to recover, had it brought its claim to the executor's notice while estate remained in the latter's hands.   The claim was a provable debt.   Although it was not payable during the decedent's lifetime, it became due upon her death.   It was thus subject to the legislation (P. L., *c.* 302, *ss.* 1-5) relating to notice and suit.   And the right to

a judgment against the executor, under the statute (P. L., c. 302, s. 28) enacting that the time for notice be extended under certain stated conditions, would be clear but for the provision in the statute that no payments or compromises made before the proceeding is begun shall be affected.

The plaintiff's claim that the residuary estate has not been distributed, for the reason that it is in the hands of a judicially appointed trustee, is not tenable. The trustee is as much a legatee as one to whom a legacy is given in his individual capacity. If the residuary estate had been left in shares, some to individuals outright and others to trustees, the requirement of common treatment for all the shares in respect to payments made would be manifest. There is no contemplation of the statute (P. L., c. 309) that a trust fund created by a will shall be charged with the debts of the estate when an outright legacy is not. The inequality of such a distinction makes it inequitable as a self-evident proposition. The fact that it here happens that all the residuary estate is held in trust, does not furnish an exceptional situation. Fundamentally, the trustee holds, not as an executor for all parties interested in the settlement of the estate, but only for the beneficiaries of the trust. And as legatees of equitable interests they are entitled to the same standing as legatees of legal interests, so far as claims of creditors of the estate are concerned.

The sole question presented, therefore, is whether a creditor who without fault has lost his right to recover from the estate may proceed against a legatee who has received his legacy.

By the early common law an heir was liable for his ancestor's debts if two conditions existed; the debts must have been of a specialty nature and they were recoverable only to the value of real estate inherited by the heir from the ancestor. Legatees were under no liability. Woerner, Am. Law Adm'n, (3d ed.) s. 574. This law has here undergone material change. As a broadening rule, heirs receiving personal estate by virtue of their inheritance and those receiving either real or personal estate under a will are subject to some liability. Hall v. Martin, 46 N. H. 337; Russ v. Perry, 49 N. H. 547. As a narrowing rule, the liability must be upon a claim not provable against the representative of the estate. Hall v. Martin, supra; Russ v. Perry, supra; Sawyer v. Jefts, 70 N. H. 393; Ticknor v. Harris, 14 N. H. 272, 284. The liability in such cases arises by reason of an undertaking of the decedent, the non-fulfillment of which is subsequent to his death. The claim is contingent until the event of non-fulfillment. A common example is that of a surety on a bond, the

conditions of which are broken by the principal but not until the surety has died and his estate has been settled and distributed.

The legislature, having such claims in mind and at the same time seeking to secure the expeditious settlement of estates (*Thyng* v. *Moses*, 65 N. H. 106, 107), has provided for them in two methods of treatment. One is that a creditor whose claim cannot be allowed against the estate because it depends upon an unhappened contingency shall not lose his remedy against the heirs or devisees. P. L., c. 304, s. 20. This provision is by its terms confined to estates settled in the insolvent course. Another statute (P. L., c. 302, s. 6) empowers the court to order a retention of funds for the payment of unmatured demands and demands depending upon a contingency. Since a creditor may be without fault in not anticipating the contingency of the amount of his claim if the contingency should occur, the statute, it would seem, would not bar him from recovery from heirs, devisees, and legatees if he failed to seek retention in the representative's hands. Especially would he seem entitled to pursue them if it is reasonable that he did not anticipate the happening of the contingency.

But no statute or case is found which points to liability other than of the estate when the claim is provable against it. And the rule stated in *Sawyer* v. *Jefts, supra*, goes to the length of thus limiting liability.

The claim here was provable against the estate. Misfortune prevented its due presentation, but it did not thereby become incapable of proof. Its merit and its accrual were unchanged. Under the policy of the legislature for early settlement of estates and by enactments passed in pursuance of the policy, it became uncollectible.

Argument is made that the plaintiff's money has gone without consideration into the defendant's hands, thus making a case of unjust enrichment. In support of the argument, *Redington Hub Co.* v. *Putnam*, 76 N. H. 336, is cited. But in that case the administrator paid the heirs money which did not belong to the estate. Their obligation to repay it to the owner rested upon a payment wrongfully made to them. Here the payment to the trustee was rightful. He received only what was due him.

The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity. While it is said that a defendant is liable if "equity and good conscience" requires, this does not mean that a moral duty meets the demands of equity. There must be some specific legal principle

or situation which equity has established or recognized, to bring a case within the scope of the doctrine.

The defendant here, it is true, is better off by the amount of the plaintiff's claim than if the latter had not been the victim of misfortune. And it is also true that he paid nothing for his profitable position. But his benefit is not unjust unless it is unlawful. The injustice must be one for which the law gives redress under its rules.

In essentials, there was a fund. By statutory law the plaintiff as a creditor was entitled to have its claim paid from the fund if it duly presented the claim. The time for presentation fixed by the statute expiring, the plaintiff's interest in the fund was barred, and it became the defendant's property freed and discharged of its subjection to meet the plaintiff's claim. The defendant received that which rightly and justly was his. The limitation of time for presenting the claim being by statutory prescription, the courts may not indirectly overcome it through declaring a rule of liability which would virtually amend the statute. The legislative policy is that a decedent's estate shall go and belong to heirs and legatees after provable claims duly presented are satisfied. The common law, as already appears, is available to hold them liable only for claims not provable during the settlement of the estate.

Under the doctrine of unjust enrichment a defendant has something of value at the plaintiff's expense under circumstances which impose a legal duty of restitution. Here the defendant has no such duty. He received property out of which the plaintiff, through non-compliance with the statute, had lost its right to have its claim paid. No duty of restitution could thereafter arise, since the plaintiff was deprived of nothing due it. Nothing was taken away from it which belonged to it. It had some rights which it omitted to exercise. Although the failure was due to misfortune, the misfortune was not chargeable to the defendant. There was no mistake out of which the law will create any relation between the parties. When rights are lost by failure to act through ignorance of fact, they may not be restored or enforced in some form unless the ignorance is the result of the defendant's non-observance of a duty of disclosure. The statutory remedy for cases of misfortune not caused by another's fault is the extent of the remedy.

*Judgment for the defendant.*

All concurred.