Coos,
No. 5507.

AL SAUCIER & SON, INC.

*v.*

RUFUS H. MCVETTY *& a.*

Argued September 8, 1966.
Decided October 31, 1966.

*Arthur O. Dupont* and *Robert D. Branch* ( *Mr. Branch* orally ), for the plaintiff.

*George H. Keough* ( by brief and orally ), for the defendant.

WHEELER, J. Action sounding in *quantum meruit* to recover for

labor and materials furnished and for extras, expended by the plaintiff in the construction of an addition to and renovations of a dwelling house owned by the defendants. Trial by the Court resulted in a verdict for the plaintiff in the amount of $7,000. There were no requests for findings and rulings, and none were made.

After the verdict was returned, the defendant moved "that the Court may clarify its verdict to make clear whether the Court found contract, or whether the Court did try the case on a quantum meruit basis." The Court then made the following findings on the motion: "In compliance with within request the Court found there were two written contracts between the parties and the figures offered were not mere estimates. The verdict is for the balance due on the contracts plus a reasonable amount for so-called extras."

The plaintiff's exception to the Court's findings was reserved and transferred by *Leahy*, C. J.

Sometime in 1964 the plaintiff discussed with the defendants the work which they desired to be done on a dwelling house they had purchased in Berlin. The contemplated work included remodeling of the existing building, tearing down some parts and constructing a new addition 24 x 32 feet. This work commenced in July 1964 and was completed in December.

After discussing with the defendants their remodeling plans, plaintiff drew up a detailed typewritten list of the work to be done and at the bottom in his handwriting appear the words: "all for the lump sum price of $7,500.00." The second sheet of this statement is in the plaintiff's handwriting and details the work to be done on the new addition together with other items to be furnished. At the bottom of this sheet appear the following in the plaintiff's handwriting: "All for the price of $9,000.00." The plaintiff now seeks to recover a balance of $22,035.19 arrived at by deducting credits of $13,289.51 from a total charge for the renovation and construction including extras, amounting to $29,438.70, plus twenty per cent for overhead and profit. The defendants have paid $13,000 on account leaving a claimed balance due of $22,035.19.

The only questions presented are whether the evidence supports the Court's finding that there were two written contracts between the parties and whether the amount allowed for extras was inadequate or erroneous.

The plaintiff testified in substance that he had no contract to do the work for $16,500 and that the figures submitted to the defendants were only estimates and that he considered it a cost plus job. He testified he further told the defendant that it would be $16,500 plus extras if he ran into trouble and during the course of construction he told Mrs. McVetty that he was going above the estimate but did not tell her how much. There was other testimony by the plaintiff that various items were added which were not included in the original estimate.

The substance of defendant Dr. McVetty's testimony is to the effect that he promised to pay the plaintiff $16,500 when the house was completed. He testified that he was willing to pay for certain extras totaling around $1,000, but that other items for which the plaintiff sought to recover were included in the original contracts. He described in some detail work which he considered defective or incomplete.

A contract may be established by spoken or written words or by acts or conduct and where there is a disputed question of fact as to the existence and terms of a contract it is to be determined by the trier of the facts, provided there is any evidence from which it could be found there was a contract between the parties. *Maloney* v. *Company*, 98 N. H. 78, 82. The mere state of mind of the parties is not the essential object of inquiry, but rather, what the parties said or did; their overt acts and what they gave each other to understand. These are the decisive considerations and not any undisclosed meaning or intention which one of the parties might have had. *McConnell* v. *Lamontagne*, 82 N. H. 423, 425; *Maloney* v. *Company*, *supra* 81.

It is elementary that the trier of the fact may accept or reject in whole or in part any testimony of the parties. *Hardware Mut. Cas. Co.* v. *Hopkins*, 106 N. H. 412, 417. Taking the evidence as a whole we think there was evidence from which the Court could find that there were two contracts between the parties. We further hold that the evidence, although conflicting, warranted a finding that $3,500 was a reasonable allowance for what the plaintiff claimed for extras not included in the contract figures totaling $16,500.

*Exception overruled; judgment on the verdict.*

All concurred.