Sullivan
No. 6585

DOUGLAS E. PAGE

v.

NORTHEAST COMBUSTION SERVICE, INC.

NORTHEAST COMBUSTION SERVICE, INC.

v.

DOUGLAS E. PAGE

October 31, 1973

*Shulins & Duncan (Mr. Richard C. Duncan* orally) for Douglas E. Page.

*Paul A. Rinden* and *Eleanor Krasnow (Ms. Krasnow* orally) for Northeast Combustion Service, Inc.

LAMPRON, J. Action by Page, a general contractor erecting a building in Claremont, against Northeast, its subcontractor, for damages resulting from the failure of Northeast to complete the work contracted. Also an action by Northeast against Page to recover the balance due on the contract plus the reasonable value of extra work performed beyond the agreement. Trial before a Master (*Frank B. Clancy,* Esq.) who recommended a verdict for defendant Northeast in Page's action against it and a verdict for plaintiff Northeast in its action against Page. The Court (*Flynn,* J.) entered verdicts in accordance with the recommendations of the master and reserved and transferred Page's exceptions. The issue presented is whether the evidence warranted the master's findings and recommendations. We hold that it did.

The parties never executed a written contract. Northeast submitted several quotations for the installation of plumbing, heating, air conditioning and electrical fixtures. The final bid on January 15, 1971, was for $50,300. Page claimed he entered into a contract with Northeast for the specified work at that price, and when Northeast failed to complete he refused to make further payments and hired other workmen to finish the job. Page sought to recover $12,733.47, the difference between the cost of finishing the work and the balance due Northeast on the contract. Northeast, on the other hand,

maintained that the work was to be performed on a "day work" or "cost plus" basis to be paid on requisitions showing the amount due for labor and materials. When Page failed to pay a May 3, 1971 requisition, Northeast took its men off the job and did nothing further on the project and sought to recover a balance due of $26,708.09.

There was evidence that Page would not enter in a contract with Northeast because he entertained doubt about its competency to do the work plus its inability to procure a performance bond because of its financial situation. There was further evidence that Page agreed that Northeast was to perform the work on a "day work" basis and Page would pay for the materials and labor on a monthly basis holding back on the labor charges whatever exceeded the actual money needed to pay the workmen. When the job was completed the parties were to "settle up". "Day work" was intended to mean "cost plus" but there was no agreement on what the "plus" was to consist of. There was also evidence that Page told Northeast that he would hold it to its bid of $50,300 and that an agent of Northeast stated the cost would be close to that figure. The master could properly find on this evidence that the parties agreed that the specified work was to be performed by Northeast for the bid price of $50,300. *Saucier Co. v. McVetty*, 107 N.H. 419, 421, 223 A.2d 520, 521 (1966); *O'Donnell v. Cray*, 109 N.H. 223, 248 A.2d 83 (1968).

With respect to the action by Page, the master, with the benefit of a view, also found "that Page's complaints about the inferior quality of Northeast's workmanship and his claims for work he had to have done due to Northeast's failure to complete the work properly are not established by the evidence to have amounted to more than" the sum of $1,377.88 allowed by the master. This reduced the contract price to $48,922.12 ($50,300 - $1,377.88). As it was agreed that Page had paid Northeast only $39,380.47 on the contract, the master recommended a verdict for the defendant Northeast. We cannot say that the master's findings and recommendation were not warranted by the evidence or that they are against the law. The verdict in *Page v. Northeast Combustion* rendered in accordance therewith is affirmed.

*Sheris v. Morton,* 111 N.H. 66, 69, 276 A.2d 813, 815 (1971); *O'Donnell v. Cray,* 109 N.H. 223, 248 A.2d 83 (1968).

We turn next to the action of Northeast against Page. The master having properly found that Northeast has substantially performed its part of the agreement, it was entitled to recover the contract price less the cost to Page to complete the specified work provided Northeast's failure did not stem from bad faith. *Davis v. Barrington,* 30 N.H. 517 (1855); *Vermont Structural Steel Corp. v. Brickman,* 126 Vt. 520, 523, 236 A.2d 658, 660-61 (1967); 5 S. Williston, Contracts § 805 (W. Jaeger ed. 1961); L. Simpson, Contracts § 156 (2d ed. 1965). See Restatement of Contracts § 357 (1932). There was evidence that Northeast's financial position would make it impossible to carry on the project unless the requisitioned payments were made by Page when due. He refused to pay a requisition made in May covering April labor and materials. The master properly found by his recommended verdict that Northeast was justified in taking its men off the job for that reason and therefore was not acting in bad faith. Hence the master properly found that there was a balance due to Northeast on the contract in the amount of $9,541.65 ($50,300 bid minus $1,377.88 work not completed and $39,380.47 payments already received).

There was evidence that Northeast performed substantial work not contemplated or included in the final quotation of $50,300 which became the contract of the parties. A detailed exhibit showing the nature of the work performed was introduced in evidence and it could be observed by the master on the view. The charges made for this extra work appeared on the exhibit. There was also evidence of the usual charges made by Northeast for work of this nature. By his recommended verdict for "extras" in the amount of $13,770, the master found that there was extra work of that value requested by or on behalf of Page performed by Northeast outside of the work contemplated and included in the contract. These findings were warranted by the evidence and could properly be made. The verdict for plaintiff Northeast in its action against Page in the amount of $22,683.72 ($9,541.65 balance on contract plus $13,770 for

extras less credits of $627.93) is affirmed. *Saucier Co. v. McVetty*, 107 N.H. 419, 223 A.2d 520 (1966); *Young v. Barry*, 107 N.H. 294, 220 A.2d 735 (1966).

*Judgment on the verdicts.*

All concurred.