Merrimack
No. 7656

HAROLD F. KENNEY

v.

NORMAN E. SCOFIELD
AND
CATHERINE J. SCOFIELD

March 31, 1977

*Stanley, Tardif & Shapiro,* of Concord (*Mr. David E. Tardif* orally) for the plaintiff.

*Dunn & Hilliard,* of Concord (*Mr. Russell F. Hilliard* orally) for the defendants.

PER CURIAM. The plaintiff is in the business of excavating, crushing and selling gravel. In 1970, he entered into an oral agreement of indefinite duration with the defendant property owners. In return for his promise to clear and level defendants' land, he was given the right to remove gravel from their property. In April of 1973, the parties entered into a new oral agreement wherein plaintiff was obligated to pay a unit charge for the gravel thereafter removed.

In July 1973, the defendants forbade the plaintiff from further entry on the property. At that time, in addition to several thousand cubic yards of crushed gravel, there was temporarily stored on the land approximately 500 cubic yards of loam. Plaintiff initiated this action claiming that the defendants had wrongfully denied him permission to remove the gravel and loam and had unlawfully converted the same to their own use.

The matter was heard by a Master (*Earl J. Dearborn,* Esq.) who found for the plaintiff. The master concluded that there existed an obligation to pay for gravel removed only from the time of the April 1973 agreement. It was further found that the defendants had given at least tacit approval for the storage of loam. The defendants contend that plaintiff had agreed to pay for the gravel from an earlier date and that no approval was given for the storage of loam.

The Superior Court (*Keller,* C.J.) approved the master's report and transferred all questions of law raised by the defendants' exception to the denial of the motion to set aside the report.

Defendants' complaints essentially involve disputed issues of fact which were resolved adversely to them. "A master's decision based upon conflicting evidence controls unless it is clearly erroneous." *Marcou Construction Co., Inc. v. Tinkham Industrial & Development Corp.,* 117 N.H. 297, 371 A.2d 1187 (1977). The findings of the master herein are supported by the record and will not be disturbed on appeal. *Vittum v. New Hampshire Ins. Co.,* 117 N.H. 1, 369 A.2d 184 (1977); *Spectrum Enterprises, Inc. v. Helm Corp.,* 114 N.H. 773, 329 A.2d 144 (1974).

We have considered the other arguments advanced in defendants' brief and find them to be without merit.

*Exceptions overruled.*

GRIMES, J., did not sit.