Rockingham
No. 80-321

LAWRENCE A. MARTIN

v.

DONN A. PHILLIPS & a.

January 20, 1982

*Kfoury & Williams*, of Manchester (*Joseph Williams* on the brief and orally), for the plaintiff.

*Lee A. Strimbeck*, of Manchester, by brief and orally, for the defendant.

BROCK, J. In this construction contract case, the issue is whether the Master (*Mayland Morse*, Esq.) erred in his calculation of damages to be awarded under the defendant's counterclaim. We hold that an error has been committed and remand for a redetermination of damages.

In 1978, the parties entered into a contract that called for the plaintiff, Lawrence A. Martin, to build a house for the defendants. The contract price was $48,690, and the "stated allowances" were set for a variety of items such as carpeting and kitchen cabinets.

Before the house was completed, the defendants became dissatisfied with the plaintiff's performance and ordered him off the project. The defendants then finished the construction themselves. Claiming that certain sums were due him for work he had performed under the contract, the plaintiff brought suit. The defendants counterclaimed, alleging it was the plaintiff who breached the contract, and that it cost them more than the contract price to complete the home.

Following a trial, the master ruled that the plaintiff had breached the contract. He recommended that a verdict be entered in favor of the defendants and that the defendants be awarded $3,700 on their counterclaim. *Mullavey*, J., accepted the master's recommendations, and a decree was entered accordingly, from which the plaintiff appeals.

The plaintiff's argument is simple and straightforward. He contends that the master's calculation of damages did not take into account the fact that the defendants used a more expensive heating system, cabinets, carpeting and other items than those that were originally called for in the contract. We agree.

At the hearing, the defendants submitted an itemization of the costs they incurred in completing their home according to the contract specifications. According to this accounting, the defendants spent $3,400 on cabinets, while the stated allowance under the contract was $2,000; defendants spent $5,650 for an oil-heating system, while the contract called for electric heating; defendants spent $3,640 for carpeting, while the stated allowance was $2,200. The defendants greatly exceeded the stated allowances for numerous other items as well. The defendants calculated their cost of completion with these excessive prices and not with the stated allowances provided in the contract. Thus they spent $50,292.82, rather than the $48,690 provided in the contract.

It is clear from the record that the defendants understood they would have to pay the difference if they exceeded the stated allowance for various items. The defendant Donn Phillips testified, "If I went over an allotment I would pay the difference providing everything went according to plan." While everything obviously did not go according to plan, it is equally obvious that all the parties understood that the defendants were to be responsible for the amount by which certain equipment or materials exceeded the

stated allowance set forth in the contract. It was therefore error to allow the defendants a credit for the amounts by which they exceeded the stated allowance for items such as carpets, cabinets, and the heating system. *Cf. Marcou Constr. Co. v. Tinkham Indus. & Dev. Corp.*, 117 N.H. 297, 299, 371 A.2d 1187, 1188 (1977). The goal of contract damage awards is to put "the nonbreaching party in the same position it would have been in by full performance." *Id.*, 371 A.2d at 1188. To allow the defendants to recover amounts in excess of the stated allowance for specified materials and equipment would be to place them in a better position than they would have been in under the contract.

The plaintiff also argues that the master improperly awarded the defendants the sum of $1,757.18 for "other damages attributable to delays, expenses and inconvenience." Any "consequential damages that 'could have been reasonably anticipated by the parties as likely to be caused by the defendant's breach' " are properly awarded to the non-breaching party in a contract action. *Zareas v. Smith*, 119 N.H. 534, 538, 404 A.2d 599, 601 (1979) (quoting *Hurd v. Dunsmore*, 63 N.H. 171, 174 (1884)). In this case, the plaintiff claims that there was insufficient proof to justify an award of $1,757.18 for damages attributable to delays, extra expenses and inconvenience. Upon reviewing such a claim, we "will view the evidence in the light most favorable to the prevailing party." *M. W. Goodell Const. Co., Inc. v. Monadnock Skating Club, Inc.*, 121 N.H. 320, 323, 429 A.2d 329, 331 (1981). While the record suggests that the master may have been somewhat generous in making this award, we are unable to determine exactly how he arrived at this figure. However, "the law does not require 'mathematical certainty' in computing damages." *M. W. Goodell Const. Co., Inc.*, 121 N.H. at 323, 429 A.2d at 331. In *Goodell*, we advised the trial courts and masters that "it would facilitate this court's review if masters would more precisely itemize damage awards." *Id.* at 324, 420 A.2d at 331. Because we must remand this case in any event, we direct the master to itemize this award with greater particularity.

The plaintiff's last argument is that the master erred in not offsetting the damage award by the fair value of labor and materials he provided to the defendants. Essentially, this is an unjust enrichment argument. *See generally* RESTATEMENT OF LAW OF RESTITUTION § 1, at 12–15, § 107, at 447–50 (1937). "The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity." *Uni-*

*versity v. Forbes*, 88 N.H. 17, 19, 183 A. 860, 862 (1936); *see Nute v. Blaisdell*, 117 N.H. 228, 232, 374 A.2d 923, 925 (1977).

■■ The plaintiff claims he was never paid for certain materials he provided and for services he performed for the defendants. Despite his own breach, he argues that he is entitled to restitution for the cost of those materials and services. The plaintiff misconstrues the measure of damages under the unjust enrichment doctrine. The focus is not upon the cost to the plaintiff, but rather it is upon the value of what was actually received by the defendants. The value of what was received is not necessarily equal to the cost of the supplies and materials. *See Kane v. Motor Vessel Leda*, 355 F. Supp. 796, 801 (E.D. La. 1972), *aff'd*, 491 F.2d 899 (5th Cir.), *cert. denied*, 419 U.S. 865 (1974). Accordingly, even if it is undisputed that the cost of the materials furnished was $15,000, it does not necessarily follow that he is entitled to an award in that amount. In this case, the master found that the plaintiff's poor workmanship had a "negative value," and the master ruled that the plaintiff had failed "to satisfy the necessary burden of proof." We cannot say, on the basis of the record before us, that the plaintiff has demonstrated to us that the master's finding was "clearly erroneous"; therefore, on this point, we find no error. *See Belknap Textiles, Inc. v. Belknap Industries, Inc.*, 121 N.H. 28, 30, 424 A.2d 1141, 1142 (1981).

> *Affirmed in part; reversed in part; remanded.*

All concurred.