334

Hillsborough
No. 80-311

ELIZABETH J. B. MOORE

v.

KNIGHT FOUNDATIONS, INC.

April 7, 1982

*Blodgett, Makechnie, Runyon & Sweeney*, of Peterborough (*Walter H. Sweeney* on the brief and orally), for the plaintiff.

*Bielagus & Martina*, of Amherst (*John F. Bielagus* on the brief and orally), for the defendant.

BROCK, J. The sole issue on this appeal is whether the trial court erred in awarding $4,880.20 damages to the plaintiff on her unjust enrichment claim against the defendant. We hold that he did and reverse.

On June 1, 1977, the plaintiff, Elizabeth Moore, rented a residence in New Ipswich, known as the "1808 House," from the defendant, Knight Foundations, Inc. Shortly thereafter, she offered to buy the real estate and, on September 23, 1977, she entered into a purchase-and-sale agreement to buy the property in an "as is" condition for $40,000. Prior to any scheduled closing, the date of which was extended at the plaintiff's request, she made several improvements to the house, at an expense to her of $6,380.20 for materials and labor.

During January 1978, portions of the house and its furnishings

were damaged by water leaks caused by ice build-up on the roof. The plaintiff decided not to purchase the property and moved out in February.

The plaintiff brought a number of actions against the defendant, seeking damages allegedly incurred by her while she occupied the house. The Master (*Earl J. Dearborn*, Esq.), with the approval of the Superior Court (*Flynn*, J.), found that the plaintiff had breached the purchase-and-sale agreement, and ruled against her on all counts except on the count claiming unjust enrichment. The master determined that the cost of improvements was the proper amount of damages and, after allowing a credit of $1,400 to the defendant for unpaid rent, he awarded the plaintiff the sum of $4,880.20.

■ While the trial transcript reveals that the plaintiff's husband was, at the very least, deceptive in his testimony concerning the actual cost of improvements made on the "1808 House," the issue before us is whether the proper measure of damages in an unjust enrichment claim—in this case against a non-breaching defendant—is the plaintiff's actual cost of improvements, or the benefit actually conferred upon the defendant. We recently held that "[t]he focus is not upon the cost to the [breaching] plaintiff, but rather it is upon the value of what was actually received by the defendants." *Martin v. Phillips*, 122 N.H. 34, 440 A.2d 1124 (1982); *Petrie-Clemons v. Butterfield*, 122 N.H. 120, 127, 441 A.2d 1167, 1172 (1982).

The plaintiff presented no evidence as to any increase in the fair market value of the real estate and no other evidence of substantial benefit to the defendant. The only evidence she offered was the cost of the improvements she made to the real estate. No evidence was offered to show by how much the defendant was enriched. Indeed, it may be questioned whether the defendant was enriched at all, because it later sold the house in an arms-length transaction for the same amount the plaintiff had agreed to pay for it.

■ We hold that the plaintiff failed to sustain her burden of proving that the defendant was "unjustly enriched." The evidence she presented in support of her unjust enrichment claim was, as a matter of law, insufficient to justify an award in her favor.

> *Reversed; judgment for the defendant in the amount of $1,400.*

All concurred.