Grafton
No. 84-041

## HAYES & SWIFT, INC.

v.

## SABIA CONSTRUCTION CO., INC.

February 13, 1985

*Clauson & Smith*, of Hanover (*Dennis J. Whelan* on the brief, and *K. William Clauson* orally), for the plaintiff.

*Cristiano, Kromphold, Green, McMahon & Heed,* of Keene (*Peter W. Heed* on the brief and orally), for the defendant.

BROCK, J.  The defendant, Sabia Construction Co., Inc. (Sabia), was the general contractor for renovation and construction of the Claremont Municipal Complex. The plaintiff, Hayes & Swift, Inc. (Hayes), was the masonry subcontractor. During construction, the parties engaged in a series of disputes, which culminated in Hayes' abandoning the job before it was completed.

As provided in the contract between the parties, Sabia had made a series of "progress payments" to Hayes. The amount of each payment was calculated as

> "the percentage of completion allowed to the Contractor for the Work of this Subcontractor applied to the Contract Sum of this Subcontract, plus the amount allowed for materials and equipment suitably stored by the Subcontractor, less the aggregate of previous payments to the Subcontractor and less the percentage retained as provided in this Subcontract."

Under the last-quoted clause, Sabia retained 10% of all amounts that would otherwise have been due Hayes. The contract clearly implied (as both parties agree) that this "retainage" was to become part of the final payment to Hayes. That payment was due on completion of the subcontract, provided that Sabia was assured that "all payrolls, bills for material and equipment, and all known indebtedness connected with the Subcontractor's Work have been satisfied." Any unsatisfied obligations of Hayes were to be paid out of the retainage before the final payment to Hayes.

The total amount due to Hayes under the contract, exclusive of change orders and extras, was $69,962. When it abandoned the job, Hayes had received payments totalling $60,379. Hayes filed this action to recover money it claimed was still due under the contract, money for change orders and extras, and the retainage already held by Sabia.

After making detailed findings of fact, the Master (*Thomas M. Pancoast,* Esq.) ruled for the defendant on most of the disputed matters. The Superior Court (*Murphy,* J.) approved the master's report, and the plaintiff appealed. The only issue raised on appeal is whether the master erred in ruling that Hayes could not recover the retainage.

■   The master's ruling was apparently based on the contract language providing that final payment was contingent on comple-

tion of the work, and on the implicit provision that retainage was to be included in the final payment. So literal a reading, however, converts the language in question into a provision for liquidated damages; *i.e.*, it awards Sabia the retainage as damages for Hayes' breach of the contract. Assuming, without deciding, that this was the parties' intent, such a provision is unenforceable, because the amount of retainage does not represent "a genuine and reasonable pre-estimate of damages for breach of the contract." *Langlois v. Maloney,* 95 N.H. 408, 411, 64 A.2d 697, 701 (1949).

In fact, such a clause operates in reverse. "The more nearly the contract approached completion, the greater would be the reserve, and the less would be the damage. As the damage diminished, the sum forfeited would increase." *Potter v. McPherson et al.,* 61 Mo. 240, 248 (1875); *accord Union Pac. R. Co. v. Mitchell-Crittenden Tie Co.,* 190 F. 544, 545–46 (8th Cir. 1911); *see* 5 CORBIN ON CONTRACTS § 1073 (1964).

Because there was no enforceable liquidated damages clause, the defendant's damages should have been computed, by the usual rule, as "the difference between the cost [to the defendant] of finishing the work and the balance due the plaintiff on the contract." *Marcou Constr. Co. v. Tinkham Indus. & Dev. Corp.,* 117 N.H. 297, 299, 371 A.2d 1187, 1188 (1977); *see* RESTATEMENT (SECOND) OF CONTRACTS § 347 (1981). The master's findings, however, were not sufficiently detailed, nor is there enough evidence in the record before us, to permit such a computation without a new trial.

The master did find that, when Hayes abandoned the project, Sabia owed it $1,782.00 for change orders and $1,116.61 for extras, both of which were contemplated by the contract. Thus, the balance due the plaintiff on the contract was $12,481.61 (the contract price of $69,962.00, plus $1,782.00, plus $1,116.61, minus the $60,379.00 already paid to Hayes). If the cost to Sabia of finishing the work was less than this amount, as appears likely, judgment should have been entered for Hayes in an amount equal to the difference.

It is undisputed that Sabia spent approximately $6,000 to perform work that should have been performed by Hayes. It is also undisputed that the City of Claremont withheld an additional $14,000 from its final payment to Sabia due to unfinished or unsatisfactory work. It is not clear, however, what portion of that sum, if any, can be attributed to work that Hayes was obligated to perform. The case must accordingly be remanded to the superior court for a new trial on the issue of damages alone.

*Reversed and remanded.*

All concurred.